1   Gary A. Dordick, Esq.  (SBN #128008)
    dordicklaw@aol.com
2   GARY A. DORDICK, A LAW CORPORATION
    509 South Beverly Drive
3   Beverly Hills, CA 90212
    Tel:  (310) 551-0949 | Fax: (855) 299-4444
4   **In Association With:**
    Cara L. Eisenberg, Esq. (SBN #128208)
5   cle@eisenberglawfirm.com
    The EISENBERG LAW Firm
6   509 South Beverly Drive
    Beverly Hills, CA  90212
7   Tel: (310) 201-0211 | Fax: (310) 551-1644
    Attorneys in Association for PLAINTIFF
8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  PORFIRIO SANTOS-LOPEZ, an          )   Case No: CV14-05781-FMO-AS
    individual,                        )
13                                     )   FIRST AMENDED COMPLAINT
                                       )   FOR:
14         Plaintiff,                  )
                                       )
15         vs.                         )   (1)   Unreasonable Search And
                                       )         Seizure - Detention And Arrest
16  CITY OF LONG BEACH; EDDIE          )         (42 U.S.C. § 1983)
    SANCHEZ; MATTHEW B.                )   (2)   Unreasonable Search And
17  STOLARSKI; RICCARDO R.             )         Seizure And Due Process -
    ZATARAIN; CHRISTOPHER E.           )         Excessive Force and Denial of
18  MARTINEZ; ERIC M. GOLZ;            )         Medical Care (42 U.S.C. § 1983)
    AMERICO FERNANDEZ; LEONEL          )   (3)   Substantive Due Process (42
19  VALDEZ; KURT D. SINE; ROYCE        )         U.S.C. § 1983)
    T. WEXLER; MARIA M. CLAY;          )   (4)   Municipal Liability For
20  JEREMY BOSHNACK; PAUL              )         Unconstitutional Custom,
    ANTHONY LUYBEN; JEFFREY            )         Practice Or Policy (42 U.S.C. §
21  SHURTLEFF; PAUL M. ESKO;           )         1983)
    Inclusive,                         )   (5)   False Arrest/False Imprisonment
22                                     )   (6)   Battery
           Defendants.                 )   (7)   Negligence
23                                     )   (8)   Violation Of Bane Act (Cal.
                                       )         Civil Code § 52.1)
24  _____   )
                                       )   AND DEMAND FOR TRIAL BY
25                                     )   JURY

26

27

28

                              -1-

1    Plaintiff PORFIRIO SANTOS-LOPEZ ("Plaintiff"), for his complaint

2 against Defendants CITY OF LONG BEACH, EDDIE SANCHEZ, MATTHEW

3 B. STOLARSKI, RICCARDO R. ZATARAIN, CHRISTOPHER E. MARTINEZ,

4 ERIC M. GOLZ, AMERICO FERNANDEZ, LEONEL VALDEZ, KURT D.

5 SINE, ROYCE T. WEXLER, MARIA M. CLAY, JEREMY BOSHNACK, PAUL

6 ANTHONY LUYBEN, JEFFREY SHURTLEFF, and PAUL M. ESKO. ,

7 inclusive, (collectively, "Defendants"), and each of them, alleges as follows:

8

9                          **INTRODUCTION**

10  1.   This civil rights action seeks compensatory and punitive damages from

11        Defendants for violating various rights under the United States Constitution,

12        Constitution of the State of California and California State Law in

13        connection with the use of excessive force against Plaintiff Porfirio

14        Santos-Lopez.

15

16                          **THE PARTIES**

17  2.   At all relevant times mentioned herein, Plaintiff Porfirio Santos-Lopez

18        ("PLAINTIFF") was and is an individual residing within the County of Los

19        Angeles, State of California.

20  3.   At all relevant times mentioned herein, Defendant City of Long Beach

21        ("CITY") is and was a duly organized public entity, form unknown, existing

22        in the County of Los Angeles under the laws of the State of California.

23  4.   At all relevant times mentioned herein, CITY was the employer of the

24        individual Defendants: EDDIE SANCHEZ, MATTHEW B. STOLARSKI,

25        RICCARDO R. ZATARAIN, CHRISTOPHER E. MARTINEZ, ERIC M.

26        GOLZ, AMERICO FERNANDEZ, LEONEL VALDEZ, KURT D. SINE,

27        ROYCE T. WEXLER, MARIA M. CLAY, JEREMY BOSHNACK, PAUL

28        ANTHONY LUYBEN, JEFFREY SHURTLEFF, and PAUL M. ESKO

(collectively referred to below as "CITY Police Officers").   Defendants AMERICO FERNANDEZ and KURT D. SINE were Sergeants, who were managerial, supervisorial, and/or policymaking employees of the CITY and/or its Police Department.  All of the CITY Police Officers are sued in their individual capacities for damages only.

5.    At all relevant times mentioned herein, the CITY Police Officers either participated in the assault on Plaintiff, used excessive force, tasered, battered, detained, assaulted Plaintiff and failed to call for medical attention, or failed to intervene to prevent any of this conduct.

6.    At all relevant times mentioned herein, Defendants, Sergeants AMERICO FERNANDEZ and KURT D. SINE, were in charge of supervising and disciplining the other individual Defendants, investigating and/or ratifying the conduct of the other individual Defendants, and/or who were creating and implementing policies of the City and its Police Department.

7.    At all relevant times mentioned herein, CITY Police Officers were duly authorized employees and agents of CITY, acting under color of law within the course and scope of their respective duties as CITY Police Officers and with the complete authority and ratification of their principal, Defendant CITY.

8.    At all relevant times mentioned herein, all of the individual Defendants were duly appointed CITY Police Officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

9.    All of the incidents and events described herein occurred within the County of Los Angeles, State of California.

10.    In doing the acts and failing and omitting to act as described herein, Defendants CITY Police Officers were acting on the implied and actual permission and consent of CITY.

-3-

11.   At all relevant times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant or CITY Police Officer.

12.   Each of the CITY Police Officers is responsible in some manner for the conduct and liability alleged herein.

13.   On or about November 20, 2013, PLAINTIFF filed a comprehensive and timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

14.   On or about January 7, 2014, PLAINTIFF's claims were rejected by operation of law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.   On or about September 2, 2013, PLAINTIFF was standing outside a liquor store in Long Beach, California, when he became involved in an altercation with two men.

16.   Within a few minutes, some of the CITY Police Officers, arrived on the scene, with the arrival of the remaining CITY Police Officers to follow within minutes.

17.   Upon arrival of some of the CITY Police Officers, the two men engaged in the altercation with PLAINTIFF fled.  PLAINTIFF did not.  Some of the CITY Police Officers approached PLAINTIFF, and as he backed away from them shirtless and unarmed, the defendant Officers tasered Plaintiff without cause and began relentlessly beating him after he fell to the ground.  During the course of the beating, the officers continued to taser PLAINTIFF multiple times and beat him with their batons.

18.   At the time of the tasering and beating, PLAINTIFF was unarmed and posed no imminent threat of death or serious physical injury to any defendant or

1    any other person.  The use of force was excessive and objectively

2    unreasonable under the circumstances.  Given that PLAINTIFF was

3    unarmed and given the brutality of the beating, the use of excessive force in

4    this case demonstrated a deliberate indifference to the health and safety of

5    PLAINTIFF and shocks the conscience.

6    19.   Upon information and belief, CITY Police Officers had no information that

7    PLAINTIFF had committed any crime or committed a felony.  CITY Police

8    Officers had neither reasonable suspicion to detain PLAINTIFF nor

9    probable cause to arrest him.

10   20.   Upon information and belief, CITY Police Officers also ignored

11   PLAINTIFF's screams of pain and requests for medical help.

12   21.   An ambulance was eventually called and PLAINTIFF was taken to the

13   hospital where he was treated for severe injuries, including, but not limited

14   to, broken bones and severe abrasions.

15   22.   Upon information and belief, no officer involved in the beating was

16   properly disciplined by CITY or any of its agents or officers.

17

18                        **FIRST CAUSE OF ACTION**

19   **Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)**

20              **(Against Defendants CITY Police Officers )**

21   23.   PLAINTIFF realleges and incorporates herein by reference each and every

22   allegation contained in paragraphs 1 through 22, above.

23   24.   CITY Police Officers caused PLAINTIFF to be detained and arrested in

24   violation of his right to be secure in his person against unreasonable

25   searches and seizures as guaranteed to PLAINTIFF under the Fourth

26   Amendment to the United States Constitution and applied to state actors by

27   the Fourteenth Amendment.

28   25.   CITY Police Officers are liable for PLAINTIFF's injuries, either because

1   they were integral participants in the wrongful detention and arrest or

2   because they failed to intervene to prevent these violations.

3   26.   PLAINTIFF was detained without reasonable suspicion and arrested

4         without probable cause.

5   27.   The conduct of CITY Police Officers was willful, wanton, malicious and

6         done with reckless disregard for the rights and safety of PLAINTIFF and

7         therefore warrants the imposition of damages, including exemplary and

8         punitive damages, as to CITY Police Officers.

9   28.   PLAINTIFF also seeks attorneys' fees under this claim.

10

11               **SECOND CAUSE OF ACTION**

12         **Unreasonable Search and Seizure and Due Process -**

13   **Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)**

14              **(Against Defendants CITY Police Officers )**

15   29.   PLAINTIFF realleges and incorporates herein by reference each and every

16         allegation contained in paragraphs 1 through 28, above.  Specifically, the

17         use of force was excessive and unreasonable under the circumstances.

18   30.   CITY Police Officers' unjustified beating of PLAINTIFF deprived

19         PLAINTIFF of his right to be secure in his person against unreasonable

20         searches and seizures as guaranteed to PLAINTIFF under the Fourth

21         Amendment to the United States Constitution and applied to state actors by

22         the Fourteenth Amendment.

23   31.   The unreasonable use of excessive force by CITY Police Officers deprived

24         PLAINTIFF of his right to be secure in his person against unreasonable

25         searches and seizures as guaranteed to PLAINTIFF under the Fourth

26         Amendment to the United States Constitution and applied to state actors by

27         the Fourteenth Amendment.

28   32.   As a result, PLAINTIFF suffered extreme pain and suffering and loss of

1   earning capacity.  PLAINTIFF is also claiming medical expenses, lost
2   wages and loss of earning capacity.

3   33.   As a result of their conduct, CITY Police Officers are liable for
4         PLAINTIFF's injuries, either because they were integral participants in the
5         excessive force or because they failed to intervene to prevent these
6         violations.

7   34.   CITY Police Officers knew that failure to provide timely medical treatment
8         to PLAINTIFF could result in further significant injury or the unnecessary
9         and wanton infliction of pain, but disregarded that serious medical need,
10        causing PLAINTIFF great bodily harm.

11  35.   The conduct of CITY Police Officers was willful, wanton, malicious and
12        done with reckless disregard for the rights and safety of PLAINTIFF and
13        therefore warrants the imposition of damages, including exemplary and
14        punitive damages, as to CITY Police Officers.

15  36.   PLAINTIFF also seeks attorneys' fees under this claim.

16

17                    **THIRD CAUSE OF ACTION**
18              **Substantive Due Process (42 U.S.C. § 1983)**
19             **(Against Defendants CITY Police Officers)**

20  37.   PLAINTIFF realleges and incorporates herein by reference each and every
21        allegation contained in paragraphs 1 through 36, above.

22  38.   PLAINTIFF had a cognizable interest under the Substantive Due Process
23        Clause of the Fourteenth Amendment of the United States Constitution to be
24        free from state actions that deprive him of life, liberty, or property in such a
25        manner as to shock the conscience.

26  39.   As a result of the excessive force used by CITY Police Officers and the
27        subsequent failure to intervene, PLAINTIFF was severely harmed and
28        deprived of his constitutional rights to substantive due process.

40.     The aforementioned actions of CITY Police Officers, along with other undiscovered conduct, shock the conscience, in that deliberation was practical and they acted with deliberate indifference to the constitutional rights of PLAINTIFF, and with purpose to harm unrelated to any legitimate law enforcement objective.

41.     CITY Police Officers, acting under color of state law, thus violated the Fourteenth Amendment rights of PLAINTIFF.

42.     As a direct and proximate cause of the acts of CITY Police Officers, PLAINTIFF suffered severe pain and suffering.  PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff is also claiming medical expenses, lost wages and loss of earning capacity.

43.     CITY Police Officers are liable for PLAINTIFF's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

44.     The conduct of CITY Police Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of damages, including exemplary and punitive damages, as to those Defendants.

45.     PLAINTIFF also seeks attorneys' fees under this claim.

## FOURTH CAUSE OF ACTION

### Municipal Liability for Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)

### (Against Defendants AMERICO FERNANDEZ, KURT D. SINE, and CITY)

46.     PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45, above.

47.     On and for some time prior to September 2, 2013 (and continuing to the

present date), Defendant Sergeants, AMERICO FERNANDEZ and KURT D. SINE, and CITY deprived PLAINTIFF of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy and practice of:

a. Employing and retaining as CITY Police Officers and other personnel, including Defendants CITY Police Officers, who Defendants FERNANDEZ and SINE and CITY, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

b. inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, including CITY Police Officers, who Defendants FERNANDEZ, SINE and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c. maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants CITY Police Officers;

d. failing adequately to train officers, including CITY Police Officers, and failing to institute appropriate policies, regarding constitutional procedures and practices including, but not limited to, policies for responding to complaints of public altercations and for the use of tasers and batons on unarmed, mentally impaired persons who pose

no immediate threat of serious harm or death to the Officers;

e.  ratifying the intentional misconduct of Defendants CITY Police Officers;

f.  failing to discipline CITY Police Officers, for conduct, including but not limited to, unlawful detention and excessive force;

g.  failing to investigate properly claims of unlawful detention and excessive force by CITY Police Officers;

h.  conspiring to give a false account of the incident to attempt to justify the use of excessive force; and

i.  having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using unreasonable force, including excessive force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs and practices of Defendants FERNANDEZ, SINE, and CITY, were done with a deliberate indifference to individual safety and rights.

48.  By reason of the aforementioned policies and practices of Defendants FERNANDEZ, SINE, and CITY, PLAINTIFF was severely injured and subjected to pain and suffering.

49.  Defendants FERNANDEZ and SINE together with various other officials, whether named or unnamed had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

50.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct

and other wrongful acts, Defendants FERNANDEZ and SINE acted with intentional, reckless and callous disregard for the life of PLAINTIFF and PLAINTIFF's constitutional rights. As to Defendants FERNANDEZ and SINE, each of their actions was willful, wanton, oppressive, malicious, fraudulent and extremely offensive and unconscionable to any person of normal sensibilities.

51. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants FERNANDEZ and SINE were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

52. By reason of the aforementioned acts and omissions of Defendants FERNANDEZ and SINE, PLAINTIFF was caused to incur medical expenses, lost wages and loss of earning capacity.

53. Accordingly, Defendants FERNANDEZ and SINE, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

54. PLAINTIFF seeks damages and attorneys' fees under this claim.


### FIFTH CAUSE OF ACTION
### False Arrest/False Imprisonment
### (Against Defendants CITY Police Officers and CITY)

55. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 54, above.

56. Defendants CITY Police Officers, while working for the CITY Police Department, and acting within the course and scope of their duties, intentionally deprived PLAINTIFF of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. CITY Police Officers also detained PLAINTIFF without reasonable suspicion. The involved officers also arrested PLAINTIFF without

1   probable cause.

2   57.   PLAINTIFF did not knowingly or voluntarily consent.

3   58.   The conduct of Defendants CITY Police Officers was a substantial factor in

4   causing the harm of PLAINTIFF, including but not limited to severe and

5   extreme emotional suffering and humiliation, mental anguish and pain,

6   physical discomfort, injury to health and other physical injury.

7   59.   CITY is vicariously liable for the wrongful acts of Defendants CITY Police

8   Officers, pursuant to section 815.2(a) of the California Government Code,

9   which provides that a public entity is liable for the injuries caused by its

10   employees within the scope of the employment if the employee's act would

11   subject him or her to liability.

12   60.   The conduct of Defendants CITY Police Officers was malicious, wanton,

13   oppressive and accomplished with conscious disregard for the rights of

14   PLAINTIFF, entitling PLAINTIFF to an award of damages, including

15   exemplary and punitive damages.

16

17                         **SIXTH CAUSE OF ACTION**

18          **Battery (Cal. Govt. Code § 820 and California Common Law)**

19             **(Against Defendants CITY Police Officers and CITY)**

20   61.   PLAINTIFF realleges and incorporates herein by reference each and every

21   allegation contained in paragraphs 1 through 60, above.

22   62.   Defendants CITY Police Officers, while working for the CITY Police

23   Department, and acting within the course and scope of their duties,

24   intentionally and relentlessly tasered and beat the unarmed PLAINTIFF.

25   The tasering and beating constituted a use of unreasonable force against the

26   PLAINTIFF, which PLAINTIFF did not consent to.  As a result of the

27   actions of Defendants CITY Police Officers, PLAINTIFF suffered severe

28   pain and suffering, including severe bodily pain, medical expenses, lost

1   wages and lost earning capacity.  Defendants CITY Police Officers had no
2   legal justification for using such force against PLAINTIFF and said
3   defendants' use of such force while carrying out their police duties was an
4   unreasonable use of force.

5   63.   As a direct and proximate result of said defendants' conduct as alleged
6         above, PLAINTIFF suffered extreme and severe mental anguish and pain
7         and has been injured in mind and body.  CITY is vicariously liable for the
8         wrongful acts of Defendants CITY Police Officers pursuant to section
9         815.2(a) of the California Government Code, which provides that a public
10        entity is liable for the injuries caused by its employees within the scope of
11        employment if the employee's act would subject him or her to liability.

12  64.   The conduct of Defendants CITY Police Officers was malicious, wanton,
13        oppressive and accomplished with a conscious disregard for the rights of
14        PLAINTIFF, entitling PLAINTIFF to an award of damages, including
15        exemplary and punitive damages.

16

17                        **SEVENTH CAUSE OF ACTION**
18   **Negligence (Cal. Govt. Code § 820 and California Common Law)**
19                       **(Against All Defendants)**

20  65.   PLAINTIFF realleges and incorporates herein by reference each and every
21        allegation contained in paragraphs 1 through 64, above.

22  66.   The actions and inactions of the Defendants were negligent and reckless,
23        including but not limited to:

24        a.    The failure to properly and adequately assess the need to detain,
25              arrest, and use force or excessive force against PLAINTIFF;

26        b.    The negligent tactics and handling of the situation with PLAINTIFF,
27              including the negligent use of force or excessive force;

28        c.    The negligent detention, arrest, tactics in conducting an investigation

-13-

1  into a report of an altercation and negligent use of force, including
2  excessive force, against PLAINTIFF;

3  d.    The failure to provide prompt medical care to PLAINTIFF;

4  e.    The failure properly to train and supervise employees, both
5        professional and nonprofessional, including Defendants CITY Police
6        Officers;

7  f.    The failure to ensure that adequate numbers of employees with
8        appropriate education and training were available to meet the needs
9        of and protect the rights of PLAINTIFF; and

10 g.    The negligent handling of evidence and witnesses.

11 67.   As a direct and proximate result of Defendants' conduct as alleged above,
12       and other undiscovered negligent conduct, PLAINTIFF was caused to suffer
13       severe pain and suffering, medical expenses, lost wages and lost earning
14       capacity.  Also as a direct and proximate result of Defendants' conduct as
15       alleged above, PLAINTIFF suffered extreme and severe mental anguish and
16       pain and has been injured in mind and body.

17 68.   CITY is vicariously liable for the wrongful acts of Defendants CITY Police
18       Officers pursuant to section 815.2(a) of the California Government Code,
19       which provides that a public entity is liable for the injuries caused by its
20       employees within the scope of employment if the employee's act would
21       subject him or her to liability.

22 69.   The conduct of Defendants CITY Police Officers was malicious, wanton,
23       oppressive and accomplished with a conscious disregard for the rights of
24       PLAINTIFF, entitling PLAINTIFF to an award of damages, including
25       exemplary and punitive damages.

26
27
28

**EIGHTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**

**(Against All Defendants)**

70.   PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 69, above.

71.   Defendants CITY Police Officers, while working for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of PLAINTIFF to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion or intimidation.

72.   PLAINTIFF reasonably believed that if he exercised his constitutional rights, Defendants CITY Police Officers would commit acts involving violence, threats, coercion or intimidation against him or his property.

73.   Defendants CITY Police Officers injured PLAINTIFF to prevent PLAINTIFF from exercising his rights or retaliated against PLAINTIFF for having exercised his rights.

74.   PLAINTIFF was caused to suffer severe physical injuries, severe pain and suffering and was ultimately hospitalized for his injuries.  PLAINTIFF suffered severe mental anguish and pain and has been injured in mind and body.

75.   The conduct of Defendants CITY Police Officers was a substantial factor in causing the harms, losses, injuries and damages of PLAINTIFF.

76.   CITY is vicariously liable for the wrongful acts of Defendants CITY Police Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77.   The conduct of Defendants CITY Police Officers was malicious, wanton, oppressive and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of damages, including exemplary and punitive damages.

78.   PLAINTIFF also seeks attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against the Defendants, and each of them, as follows:

1.   For compensatory damages in the amount to be proven at trial;

2.   For past and future medical and incidental expenses according to proof at the time of trial;

3.   For punitive damages against the individual defendants in an amount to be proven at trial;

4.   For interest;

5.   For reasonable costs of this suit and attorneys' fees; and

6.   For such further other relief as the Court may deem just, proper and appropriate.

DATED:  November 10, 2014          GARY A. DORDICK, ALC
                                   The EISENBERG LAW Firm


                                   By:   _____/s/_____
                                         GARY A. DORDICK, ESQ.
                                         Attorneys for PLAINTIFF

**JURY DEMAND**

PLAINTIFF hereby demands a jury trial on all causes of action.

DATED:  November 10, 2014
                                                GARY A. DORDICK, ALC
                                                The EISENBERG LAW Firm

                                                BY:             /s/
                                                  GARY A. DORDICK, Esq.
                                                Attorneys for PLAINTIFF